O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7951 AHM (FMOx) | Date | December 5, 2008 |
|---|---|---|---|
| Title | UNION OF MEDICAL MARIJUANA PROVIDERS, INC., et al. v. UNITED STATES FEDERAL DRUG ENFORCEMENT AGENCY (DEA), et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

On October 24, 2008, the Court took under submission Defendants' motion to dismiss the First Amended Complaint. For the reasons explained below the Court now orders both parties to file briefs on whether this action should be dismissed for failure to present a justiciable case or controversy.

Nearly a year ago, on December 6, 2007, the Union of Medical Marijuana Providers, the Arts District Patient's Collective, Inc. (ADPC), and James Shaw, filed a complaint against the U.S. Drug Enforcement Agency, U.S. Department of Justice, Timothy Landrum, Deanne Reuter, and Does 1-100. The suit arises from a letter that the DEA sent to ADPC's landlord and the subsequent execution of a search warrant to search ADPC's premises. On January 24, 2008, Plaintiffs filed a First Amended Complaint asserting six causes of action: (1) a *Bivens* claim for violation of the right to due process of law; (2) a *Bivens* claim for violation of the First Amendment; (3) a claim for violation of California Civil Code § 52.1; (4) a claim for extortion under California Penal Code § 518; (5) a claim for the "unlawful use of [Defendants'] police powers"; and (6) a claim for "an impressible act." On June 5, 2008, the Court issued an Order to Show Cause why the action should not be dismissed for lack of prosecution. On June 20, 2008, the Court discharged the Order to Show Cause. On August 22, 2008, Defendants filed a motion to dismiss with a noticed hearing date of October 6, 2008. Plaintiffs failed to file a timely opposition, and on October 3, 2008 they filed an ex parte application to continue the hearing date. The Court granted the application and reset the hearing date for October 27, 2008. On October 15, 2008, Plaintiffs voluntarily withdrew all claims for damages (claims 1 through 4). On October 24, the Court took the motion to dismiss under submission.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7951 AHM (FMOx) | Date | December 5, 2008 |
|---|---|---|---|
| Title | UNION OF MEDICAL MARIJUANA PROVIDERS, INC., et al. v. UNITED STATES FEDERAL DRUG ENFORCEMENT AGENCY (DEA), et al. | | |

The Court has now reviewed the motion to dismiss and has tentatively concluded that the FAC does not present a justiciable case or controversy because neither of the two remaining claims is ripe. The question of ripeness goes to the Court's subject matter jurisdiction. *Haw. Newspaper Agency v. Bronster*, 103 F.3d 742, 746 (9th Cir. 1996). Ripeness has both a constitutional and a prudential component. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). "In evaluating the prudential aspects of ripeness, our analysis is guided by two overarching considerations: 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* at 1141 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). An issue is not fit for adjudication if it involves "contingent future events that may not occur as anticipated or indeed not occur at all." *18 Unnamed John Smith Prisoners*, 871 F.2d 881, 883 (9th Cir. 1989) (quoting *Thomas v. Union Carbide Agric. Prods.*, 473 U.S. 568, 580-81 (1985)); *see also* 15 James Wm. Moore, *Moore's Federal Practice* § 101.76[1][a] (3d ed. 2008) ("The critical question concerning fitness for review is whether the claim involves uncertain and contingent events . . . ."). "In the absence of an immediate and certain injury to a party, a dispute has not 'matured sufficiently to warrant judicial intervention.'" *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 n.10 (1975)). In light of these well-established principles, it appears that the two claims remaining in this case are not ripe.

As to Claim 5, for which Plaintiffs identify no legal basis, the Court has liberally construed the FAC to assert that preliminary injunctive relief is appropriate due to Defendants' alleged violations of Plaintiffs' First Amendment and Fifth Amendment rights. Specifically, Plaintiffs contend that they

> have a justifiable concern that defendants will continue to use their police powers for vindictive and retaliatory purpose [sic]. Consequently, plaintiffs seek a preliminary injunction to ensure that any Judge, if and when presented with a search warrant application for the at issue premises, is affirmatively provided an explanation by the requesting law enforcement agency the [sic] good faith reasons they have to seek the warrant against these plaintiff [sic] during the time period commencing with the filing of this action up to and including the final disposition of this action.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7951 AHM (FMOx) | Date | December 5, 2008 |
|---|---|---|---|
| Title | UNION OF MEDICAL MARIJUANA PROVIDERS, INC., et al. v. UNITED STATES FEDERAL DRUG ENFORCEMENT AGENCY (DEA), et al. | | |

FAC ¶ 40.  It appears that the Court cannot provide the requested relief for at least three reasons.  First, the prospect that a law enforcement agency will present a search warrant application to search Plaintiffs' premises is completely speculative.  For that reason Claim 5 does not present a "live" case or controversy.  Second, the relief sought is completely superfluous because law enforcement agencies that apply for a search warrant are constitutionally required to show probable cause for the search anyway.  A preliminary injunction requiring applicants to explain "the good faith reasons they have to seek the warrant" would achieve nothing more than what the Constitution already requires.  It would be akin to an injunction that prohibited an upcoming witness from committing perjury.  Third, this Court has no general jurisdiction over the conduct of Executive Branch agencies, absent a case or controversy.

     Similar considerations bar the relief sought in Claim 6.  Again, Plaintiffs state no legal basis for the claim, which asserts that the DEA's letter to landlords who have leased their property to medical marijuana dispensaries constitutes "an impressible act."  FAC ¶ 41.  "As such plaintiff  [sic] seek a permanent injunction against the DEA, prohibiting any further publication of the 'landlord letter,' such as the one sent to the plaintiff or any similar letter threatening legal lessors under the [California Compassionate Use Act] with punishment under federal law."  *Id.*  This request for relief is absurd.  In addition to the previously-stated defects, what right do Plaintiffs have to seek any ruling, much less an advisory ruling, on behalf of "legal lessors"?

     Although the parties' briefs addressed several apparent deficiencies in the FAC, they did not address the question of this Court's jurisdiction and whether the requested relief would be directed to a justiciable case or controversy.  The Court therefore orders Plaintiffs to show cause in writing, in ten pages or less, by no later than December 22, 2008, why the Court should not dismiss the FAC with prejudice in light of the reasons stated above.  The Court further orders Defendants to file an entirely new motion to dismiss, with accompanying authorities, if they conclude that the Court's concerns are valid.

                                                                                             :

Initials of Preparer                 RJ